IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABELARDO G. GONZALEZ, TDCJ #01622682, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-366 |
| ANNA D. SARABIA, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Pending are two motions to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 48 and Dkt. 49).[1] The motions challenge the Court's *sua sponte* dismissal of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted (Dkt. 44). The plaintiff in this case was granted leave to amend his complaint and did so at length. The Court also provided the plaintiff with a questionnaire, with which he amended and attempted to clarify his pleadings. *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1324–25 (5th Cir. 1996). The Court is satisfied, particularly after reviewing the plaintiff's Rule 59(e) motions, that the plaintiff has alleged his best case and that further attempts by the plaintiff to amend his pleadings would be futile. Both motions are **DENIED**. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003).

---

[1] The plaintiff has filed a notice of appeal (Dkt. 46). *See* Fifth Circuit Docket Number 17-40188.

1

### a. The procedural history and the legal standard applicable to Rule 59(e) motions

The relevant facts will be summarized in this order but are discussed in greater detail in the Court's opinion dismissing the complaint (Dkt. 44). Plaintiff Abelardo G. Gonzalez (TDCJ #01622682), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis* (Dkt. 1 and Dkt. 8). He asserts that the defendants, officials at TDCJ's Carole Young Medical Facility ("Young Facility"), denied him access to the courts and transferred him out of the facility prematurely in retaliation for his attempts to assert his legal rights.[2] The Court granted Gonzalez's motion for leave to amend his complaint (Dkt. 15 and Dkt. 18), and Gonzalez has filed several amended complaints and memoranda (Dkt. 2, Dkt. 19, Dkt. 22, and Dkt. 23). The Court also ordered Gonzalez to respond to a questionnaire to clarify his claims (Dkt. 28), which he did (Dkt. 29). Additionally, Gonzalez has pursued related proceedings in the Laredo Division, the Corpus Christi Division, and the United States Court of Appeals for the Fifth Circuit. *See* Southern District of Texas Case Numbers 5:12-CV-193 and 2:15-CV-46 and Fifth Circuit Docket Numbers 14-40460 and 15-

---

[2] Gonzalez also brought an access-to-courts claim against an official at TDCJ's McConnell Unit. Before this case was reassigned to the undersigned judge, Judge Hoyt severed the claims against the McConnell Unit official and transferred them to the Corpus Christi Division (Dkt. 9), where they were eventually dismissed as frivolous and for failure to state a claim by Judge Ramos on the recommendation of Judge Ellington. *See* Southern District of Texas Case Number 2:15-CV-46 at Docket Entries 24 and 40.

2

41336. The Court has taken judicial notice of those proceedings. *See Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("We may take judicial notice of another court's judicial action."); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) ("For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases.") (citation omitted).

Generally, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quotation marks and brackets omitted). However, a Rule 59(e) motion challenging a judgment entered on the pleadings should typically be analyzed under the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig*, 332 F.3d at 863–64. Under that standard, leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (brackets in *Rosenzweig*). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case[,]" dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez*, 801 F.2d at 793; *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua*

*sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (quotation marks omitted).

### b. The access-to-courts claim

The action underlying Gonzalez's access-to-courts claim is a petition for federal habeas relief under 28 U.S.C. § 2254 that Gonzalez filed in the Laredo Division. *See* Southern District of Texas Case Number 5:12-CV-193. The petition challenged Gonzalez's conviction by a Webb County jury on three counts of aggravated robbery and three counts of engaging in organized criminal activity for his role in three armed robberies that took place in Laredo in late 2007 and early 2008. Judge Saldana referred the case to Judge Garcia.

While the habeas action was pending, Gonzalez began suffering from serious medical conditions that required his hospitalization in November of 2013. He remained in the hospital until February of 2014, when he was transferred to the Young Facility, where he remained in quarantine until September of 2014. While Gonzalez was hospitalized, Judge Garcia entered an extensive 30-page Report and Recommendation recommending that Gonzalez's federal habeas petition be denied and dismissed with prejudice. Gonzalez filed two sets of objections to Judge Garcia's report; though one set of objections was untimely, Judge Saldana specifically considered both sets in her opinion accepting Judge Garcia's recommendation. *See* Southern District of Texas Case Number 5:12-CV-193 at Docket Entry 47. Judge Saldana entered a final judgment dismissing Gonzalez's habeas petition with prejudice on March 18, 2014. *See* Southern District of Texas Case Number

4

5:12-CV-193 at Docket Entry 48. Gonzalez filed a notice of appeal, and the Fifth Circuit dismissed the appeal for lack of jurisdiction because Gonzalez filed his notice one day too late. *See* Southern District of Texas Case Number 5:12-CV-193 at Docket Entry 55. Gonzalez filed a motion asking the Fifth Circuit to reconsider its dismissal, which the Fifth Circuit denied. *See* Fifth Circuit Docket Number 14-40460, Order dated August 21, 2014.

Gonzalez also filed a series of post-judgment motions in Judge Saldana's court. *See* Southern District of Texas Case Number 5:12-CV-193 at Docket Entries 56, 67, 69, 71, and 82. In those motions, Gonzalez raised, among numerous other arguments, new objections to Judge Garcia's recommendation; he claimed that he could have brought the objections previously had the Young and McConnell officials not interfered with his ability to conduct legal research. Judge Saldana denied the post-judgment motions after specifically and thoroughly considering Gonzalez's new objections. *See* Southern District of Texas Case Number 5:12-CV-193 at Docket Entries 61, 76, and 84. Gonzalez requested permission from the Fifth Circuit to appeal the denial of his post-judgment motions, and the Fifth Circuit denied a certificate of appealability. *See* Fifth Circuit Docket Number 15-41336.

While he was trying to keep his habeas petition alive, Gonzalez filed the complaint in this case. This Court dismissed the access-to-courts claims because Gonzalez's allegations, despite several amendments, fell short in multiple respects. First, there were no facts establishing intentional interference with Gonzalez's ability to access the courts

(as opposed to incidental interference resulting from the quarantine) by any defendant. Second, in any event, Gonzalez presented arguments to Judge Saldana on several different occasions, and she addressed all of those arguments. Third, Gonzalez could not identify a single non-frivolous ground for habeas relief that he was unable to present to Judge Saldana. The Court will focus on the third deficiency, which is the most damaging one. In his Rule 59(e) motions, Gonzalez admits that he cannot list any specific grounds but states that he has "reserved the right" to present such grounds later, perhaps in a response to a motion for summary judgment (Dkt. 48 at p. 9; Dkt. 49 at p. 8). Gonzalez cannot "reserve the right" to flesh out wholly conclusory allegations after discovery—the Supreme Court has in fact specifically stated, in a seminal case defining federal pleading standards, that Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A prisoner seeking to bring an access-to-courts claim must describe the predicate claim (here, the predicate claims would be Gonzalez's grounds for habeas relief) "well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (quotation marks omitted). Given several opportunities, Gonzalez has failed to adequately plead this essential element of his access-to-courts claim.[3]

---

[3] The Court also doubts that it can reopen Gonzalez's federal habeas proceeding (the primary relief Gonzalez seeks) in the first place, whether or not Gonzalez can assert a non-frivolous ground for relief. While addressing a claim similar to Gonzalez's, Judge Lake concluded that he lacked the ability to order another federal judge to "restore" a Section 2254 petition. *See Sheid v. U.S. Marshal Service*, No. 4:08-CV-3295, 2009 WL 1750379, at *11 n. 114 (S.D. Tex. June 17,

### c. The retaliation claim

Gonzalez's retaliation claim is based on his transfer from the Young Facility. Gonzalez alleges that he was transferred out of the Young Facility before he had fully recovered from his health problems in retaliation for his stated intention to sue Young Facility personnel for the alleged access-to-courts violations. The retaliation claim is brought against Defendant Martha Burgess, the Young Facility's assistant warden, and Gonzalez alleges that Burgess had him transferred because he filed a grievance requesting the names of various McConnell Unit and Young Facility staff members so that he could name them in this lawsuit. None of those staff members was Burgess, however; and Burgess, by Gonzalez's own admission, asked Gonzalez to submit his access-to-courts complaints in writing and even gave him a printed form with which to do so. Gonzalez further admits that he never named Burgess in a grievance, either directly or by her title, and never took any other administrative steps to complain about any conduct on her part. On the element of causation, Gonzalez only pleads the fact that his transfer followed his request for the officials' names and his statement that he intended to file a Section 1983 lawsuit, an example of the *post hoc ergo propter hoc* (after this, therefore because of this) fallacy, which the Fifth Circuit long ago disavowed.

As with the access-to-courts claim, this Court dismissed the retaliation claim because, again despite several amendments, Gonzalez's pleadings did not contain facts establishing essential elements. Namely, Gonzalez did not plead facts showing either that

---

2009), *aff'd*, 379 Fed. App'x 345 (5th Cir. 2010). The Court has found no authority contradicting Judge Lake's conclusion.

Burgess intended to retaliate against him or that, but for retaliatory motives on the part of Burgess, the transfer would not have happened. In his Rule 59(e) motions, Gonzalez has not presented any new facts to establish these essential elements of his retaliation claim.[4]

The Court concludes, as it did previously, that Gonzalez has not sufficiently pled a claim despite having pled his best case. Gonzalez's motions for relief under Federal Rule of Civil Procedure 59(e) (Dkt. 48 and Dkt. 49) are **DENIED**.

The Clerk is directed to provide a copy of this order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 17-40188.

SIGNED at Galveston, Texas on ___May 31___, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Moreover, although the Court has analyzed Gonzalez's retaliation claim under all prongs of the applicable framework, the Court is not entirely convinced that Gonzalez has satisfied even the threshold requirement of showing that he properly invoked a particular Constitutional right. The grievance that Gonzalez claims precipitated his transfer out of the Young Facility, as mentioned above, only sought the names of various Young Facility and McConnell Unit personnel so that Gonzalez could name them as defendants in this lawsuit. That grievance was answered at Step Two with instructions regarding the proper way to obtain a roster of unit employees (Dkt. 23-1 at p. 21). Evidently, Gonzalez did not proceed through the proper channels in his attempts to secure information regarding the identities of TDCJ personnel; and the grievance amounts only to a threat to file a lawsuit. In all likelihood, this is not a sufficient invocation of Constitutional rights to support a claim for retaliation. *See Hanna v. Maxwell*, 415 Fed. App'x 533, 536 (5th Cir. 2011) ("Although complaining about the conduct of corrections officers through proper channels is a constitutionally protected activity, Hanna did not allege that he suffered retaliation after complaining through proper channels; rather, he alleged retaliation after threatening to file a lawsuit during a confrontation with corrections officers.") (citation omitted). Notably, Burgess is not referred to by either name or title in the grievance, presumably because Gonzalez already knew her name.